Jefferson L. ROGERS and Glenola Rogers, Plaintiffs-Appellants,

v.

Ruth L. STEUERMANN, Defendant-Respondent.

No. KCD 27412.

Missouri Court of Appeals, Kansas City District.

May 31, 1977.

**294**

Gordon N. Myerson, Morris, Mitchell, Larson, King, Stamper & Bold, Kansas City, for plaintiffs-appellants.

Walter R. Simpson, Sheridan, Sanders, Mason & Simpson, Kansas City, for defendant-respondent.

Before DIXON, P. J., and CONLEY, NORMILE and BELT, Special Judges.

BRUCE NORMILE, Special Judge.

The jury returned a verdict for the defendant upon plaintiffs' claims for personal injuries and loss of services arising out of an open intersectional automobile accident. Plaintiffs' motion for a new trial was primarily based on two allegations of juror misconduct and was overruled by the trial court. This appeal followed, and we affirm.

The first allegation of jury misconduct is that at least two of the jurors visited the scene of the accident to make their own investigation following submission of the

case to them. The second allegation of misconduct is that the jury foreman went home on the evening after submission of the case and prepared a large and carefully detailed diagram of the intersection where the accident had occurred. It is alleged that this diagram was then used in the jury's deliberation on the next morning before the jury arrived at the defendant's verdict.

At the hearing on the motion for a new trial, appellants offered into evidence several unsworn affidavits from various jurors, including the foreman, the court reporter, and the foreman's wife. At that hearing, these "affidavits" and the foreman's diagram were received in evidence. This was admitted over objection. The respondent's attorney also admitted that he saw the jury foreman take this diagram out of his pocket in the courtroom upon conclusion of the case.

There is no competent evidence to support the first allegation of juror misconduct. The statements of the jurors, offered at the hearing on the motion for a new trial, were unsworn. They were taken out of court and out of the presence of respondent's counsel. They were hearsay and could not properly be considered. *Wilson v. St. Louis-San Francisco Railway Company*, 362 Mo. 1168, 247 S.W.2d 644 (1952). These statements were also inadmissible because a juror may not, over objection, be heard to impeach his and the jury's verdict. *Mayberry v. Clarkson Construction Company*, 482 S.W.2d 721, 724 (Mo.1972).

As to the second allegation of juror misconduct, the statements of the jurors again cannot be considered. However, appellants urged that there was independent evidence of the foreman's misconduct. They rely upon the affidavits of the foreman's wife and the court reporter, and the testimony of respondent's attorney. The unsworn "affidavits" of the foreman's wife and the court reporter cannot be considered because they are hearsay. However, respondent's attorney testified that the foreman did have in his possession in the courtroom immediately following the conclusion

of the case a large diagram of the intersection which the foreman demonstrated to both attorneys. The diagram had not been received in evidence. The diagram is approximately 3' × 4' in size and drawn to a scale of 1" to 3' and done in meticulous detail. It shows the positions of the vehicles both at the time of impact and after the collision with other detailed measurements. There is also a chart on the diagram translating miles per hour into feet per second. This diagram, obviously, required great preparation, and there is a strong inference from its nature that it was not completed within the jury room during the course of the jury's deliberations. Upon the record in this case, it may be found that the diagram was considered by the jury in its deliberation, contrary to the instruction of the trial court in its cautionary instruction (MAI No. 2.01(5)) that the evidence to be considered "consists of the testimony of witnesses and the exhibits admitted in evidence."

 Upon separation of the jury after submission of a case, it is not possible to prevent a juror from reflecting on the evidence of the case. However, a juror may not independently seek evidence, *Middleton v. Kansas City Public Service Company*, 348 Mo. 107, 152 S.W.2d 154 (1941); visit the scene of an accident, *Douglass v. Missouri Cafeteria, Inc.*, 532 S.W.2d 811 (Mo.App. 1976); make inquiry as to appropriate compensation, *Kelley v. Prince*, 379 S.W.2d 508, 513 (Mo.1964); or inform the other jurors of his personal knowledge of the circumstances of the case, *Cook v. Kansas City*, 358 Mo. 296, 214 S.W.2d 430, 433 (1948). In this case we conclude that it was improper for the foreman to prepare an exhibit of this nature outside the courtroom and return it into the jury room to be used in deliberation. Thus, error is shown here, but such error must materially affect the merits of the action to require reversal. Rule 84.-13(b).

 Appellants urge that if juror misconduct is found, a prima facie case of prejudice is made, citing *Middleton v. Kansas City Public Service Company, supra*. In that case, the trial court found misconduct but denied the motion for new trial on the basis there was no showing of prejudice from such misconduct. The Supreme Court reversed holding that a second judicial discretion had not been exercised because the misconduct which was found in that case was such that prejudice would be presumed. Essentially, trial courts must exercise a sound discretion in considering the prejudicial effect of juror misconduct. Appellate courts must defer to those findings unless it substantially appears that a trial court has erred in finding there was or was not misconduct or was or was not prejudice. *Middleton v. Kansas City Public Service Company, supra; Kelley v. Prince, supra; Dysart-Cook Mule Company v. Reed & Heckenlively*, 114 Mo.App. 296, 89 S.W. 591 (1905).

In this case the trial court's action in denying the motion for new trial constituted an implied finding that there was no prejudice from the juror misconduct. We find no abuse of discretion in that action. It is recognized in the *Middleton* case that even where there is juror misconduct, it is not an abuse of discretion to deny a motion for new trial where there was no evidence that the jurors obtained any new, different, or conflicting evidence. Appellants essentially concede that the diagram in question is correct. There is no dispute as to the physical layout of the intersection. The diagram is similar to two other diagrams which were in evidence. There are numerous photographs in evidence which clearly show the intersection from all four directions and which are consistent with the foreman's diagram. The diagram is clearly based on the evidence in the case, and the misconduct injected no issues or evidence not properly before the jury. We find no reversible error.

Judgment for defendant is affirmed.

DIXON, P. J., and CONLEY, Special Judge, concur.

BELT, Special Judge, concurs in result only.