**STATE of Missouri, Respondent,**

v.

**Franklin L. TETER, Appellant.**

**No. WD 38240.**

Missouri Court of Appeals,
Western District.

Dec. 2, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 3, 1987.

Application to Transfer Denied
March 17, 1987.

Janet M. Thompson, Columbia, for appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and DIXON and NUGENT, JJ.

CLARK, Chief Judge.

Franklin L. Teter was convicted by a jury of the offense of assault in the first degree and, as a prior offender, he was sentenced by the court to a term of fifteen years. On this appeal he raises three points of trial error, (a) the court should have declared a mistrial when it was disclosed that witnesses for the state had communicated with the jurors; (b) the state was erroneously permitted to cross-examine appellant regarding details of a previous crime; and (c) the evidence was insufficient to disprove the defense of self-defense. Affirmed.

The evidence viewed in the light most favorable to the state, *State v. Brown,* 660 S.W.2d 694, 699 (Mo. banc 1983), and in bare summary, established that on November 4, 1985, appellant was visiting his girlfriend, Paula Meyers, at her apartment when Kevin Crookshanks, another suitor of Paula, arrived. The three watched an evening television show together and when that was concluded, a dispute arose as to whether Paula preferred the company of appellant or Crookshanks. Paula indicated her favor was for Crookshanks and both then requested that appellant leave. Crookshanks had been in a prone position on the floor and was struck by appellant using either his boot or his fist. The blow caused an injury to Crookshanks' eye and a fracture of the cheekbone. Appellant admitted striking Crookshanks. The only issue was whether he did so in self-defense.

I.

The first point of error is based on events which followed an instruction conference conducted after the close of the evidence. Appellant informed the judge that Paula and Crookshanks had been observed talking to the jurors in the corridor during the recess. A mistrial was requested, "or at the very least an examination of the jurors." The court permitted appellant to recall Paula and Crookshanks for questioning concerning the incident. They both testified the only communication with the jurors was when Paula asked one juror to make room so she could take a seat. Both denied any conversation about the case, either with jurors or between themselves which could have been overheard. Based on this evidence, the court ruled that no misconduct had been shown and a renewed motion for mistrial was denied.

Appellant argues that the mistrial should have been granted, but actually contends the court erred first, in not permitting appellant to examine the jurors to ascertain the existence and extent of improper communication or, failing that, in not conducting a sua sponte examination of the jurors himself. The answer to the first argument is that appellant made no effort himself to call any juror for questioning nor did he seek leave of court to do so. The only mention of juror interrogation was the preliminary remark quoted above. Once the questioning of Paula and Crookshanks had been completed, appellant was apparently content to rely on that evidence

and his motion for mistrial. If he regarded it as appropriate at that time to question any jurors, it was his obligation to present the evidence or seek a ruling that would preclude his doing so. He is not now to be heard in complaint of a refusal to consider evidence which was never offered.

■ The second prong of the contention, somewhat intermingled with the first, appears to argue that once some communication with a jury during trial has been shown, the court has a duty to question the jurors to determine whether any prejudice resulted. No case so holding has been cited nor do we find that to be the rule.

■ The trial court has wide discretion to determine whether misconduct on the part of a juror requires a mistrial. The key consideration is the extent to which defendant's right to a fair trial has been prejudiced. *State v. Williams,* 577 S.W.2d 59, 62 (Mo.App.1978). A mistrial is a drastic remedy to be granted only with the greatest caution in extraordinary circumstances, and the court is afforded broad discretion in determining whether such a remedy is necessary. *State v. Ianniello,* 671 S.W.2d 298, 300 (Mo.App.1984). If misconduct of the jury takes place during the progress of the trial, an affirmative showing that no jurors were subject to improper influence is sufficient to sustain the verdict and avoid a mistrial. If, however, an opportunity for improper influence occurs after the case has been submitted, that alone requires a new trial even though it is shown that improper influence was not exercised. *State v. Edmondson,* 461 S.W.2d 713, 723–24 (Mo.1971).

■ In this case, the evidence before the court showed no improper influence exercised and no prejudice to appellant as a result of any exchange between Paula and a juror. It would certainly have been preferable here, or in any other criminal case generally, for jurors to be accommodated during recesses in quarters where witnesses and others interested in the trial will have no contact with them. We cannot say, however, that the trial court abused its discretion either in denying the mistrial based on the evidence taken from Paula and Crookshanks, or in not calling the jurors for individual inquiry on the court's own initiative.

## II.

In his second point, appellant focuses on cross-examination conducted by the prosecutor when appellant professed never before to have been involved in rowdiness or fights. Appellant had testified earlier on direct examination that he had previously been convicted of vehicular manslaughter, leaving the scene, assault in the third degree and property damage. The question on cross-examination was whether appellant had "ever pulled a tire iron on anybody." The objection was made that the question involved the details of the prior assault conviction and was impermissible.

■ Beyond any doubt, the state is not entitled to engage in cross-examination with respect to the details of prior crimes but may show only the nature and number of prior convictions. *State v. Green,* 707 S.W.2d 481, 482–83 (Mo.App.1986). That rule prevails even against the state's argument here that the details of the assault conviction and the underlying facts were proper impeachment of appellant's testimony that he never had been in any fights. Were it not for the waiver of the objection which appellant and his counsel made, the failure by the trial court to sustain the objection to the state's line of cross-examination would be ground for reversal.

■ The waiver occurred in the following manner. After counsel for appellant first objected to the question as "irrelevant and immaterial," the objection was modified to state the ground that it was "improper impeachment, goes behind the previous conviction." The court overruled the objection and then appellant himself said, "Come on, Mr. Elliott [the prosecutor] I'll answer the question. Let's not argue about it." Appellant's counsel then said "I

withdraw the objection." Appellant proceeded to explain the incident saying the tire iron was involved in the property damage charge and that he had not drawn a tire iron on anybody. Any possible complaint because of the improper question was eliminated by this exchange.

### III.

In his final point, appellant questions the sufficiency of the evidence to disprove his claim of self-defense. He argues that the provocation he offered by cursing at Paula as he prepared to leave and the fact that Crookshanks was a larger man were sufficient to establish the hypothesis that Crookshanks was attacking appellant rather than remaining on the floor as Paula and Crookshanks had testified. The contention is, in effect, that of the two versions of the events, only his was credible.

Where the defense is self-defense, the burden is on the defendant to inject the issue and upon the state to negate the defense. *State v. Brown,* 547 S.W.2d 797, 799 (Mo. banc 1977); MAI–CR2d 2.41.1; § 563.031, RSMo.1978. Whether an accused acted in self-defense where the evidence is conflicting or of such a character that different inferences might reasonably be drawn therefrom, is ordinarily a question of fact for the jury. Only in rare instances where all the undisputed and uncontradicted evidence clearly establishes self-defense is it proper to withdraw the issue from the jury. *State v. Christie,* 604 S.W.2d 806, 808 (Mo.App.1980).

Both Paula and Crookshanks testified that Crookshanks was prone on the floor when appellant kicked him in the head with his boot. The extent of the injury inflicted was consistent with a forceful blow of this nature. The issue of self-defense was one properly left for decision by the jury. It certainly cannot be said that self-defense was clearly established merely because appellant testified to his subjective apprehension nor was this a case in which the evidence was undisputed and uncontradicted.

The court properly overruled the motion for acquittal.

The judgment is affirmed.

All concur.