**Marvin C. JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 70720.**

Supreme Court of Missouri,
En Banc.

March 14, 1989.

Rehearing Denied April 18, 1989.

Doug Hartig, Stormy B. White, Asst. Public Defenders, Clayton, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Chief Justice.

This is a post-conviction proceeding. Appellant was convicted of capital murder and armed criminal action. He was sentenced to death for the capital murder and three years imprisonment on the armed criminal action conviction and the convictions and sentences were affirmed in *State v. Jones,* 705 S.W.2d 19 (Mo. banc), *cert. denied,* 477 U.S. 909, 106 S.Ct. 3286, 91 L.Ed.2d 574 (1986). Appellant then filed a *pro se* motion for relief under *Rule 27.26,* which was subsequently amended by court-appointed counsel. The motion was denied after an evidentiary hearing. Affirmed.

Appellant's *pro se* motion and the amended motion alleged two grounds of trial error and seven charges of ineffective assist-

ance of counsel. The motion court considered each ground and found all points meritless. Only one point was preserved for appellate review and all other grounds alleged by appellant are deemed abandoned. *O'Neal v. State,* 766 S.W.2d 91 (1989); *Herron v. State,* 498 S.W.2d 530, 531 (Mo.1973); *State v. Sykes,* 628 S.W.2d 653, 656 (Mo.1982); *Camillo v. State,* 555 S.W.2d 386, 387 (Mo.App.1977).

Appellant alleges his trial counsel was ineffective in failing to present mitigating character evidence at the penalty phase of trial. Specifically, he contends counsel (1) should have called his relatives to testify in the penalty phase, and (2) should have introduced his army records into evidence at the penalty phase.

The motion court concluded that movant's counsel was not ineffective in his presentation of mitigating evidence at the penalty phase of trial. The court found:

> ... that Movant did not supply counsel with the names and addresses of his relatives who would testify at his trial; that those relatives who testified at this hearing stated that they knew about Movant's arrest but made little or no effort to come forward and testify; that evidence of Movant's military service would of [sic] included favorable points as well as unfavorable points; and that such evidence of military service and from relatives at the second stage of the trial would not have affected the outcome of the trial.

"In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In proving ineffective assistance of counsel, movant is faced with a heavy burden. *Sanders,* 738 S.W.2d at 857; *Jones v. State,* 598 S.W.2d 595, 597 (Mo.App.1980). Movant must not

only prove his allegation by a preponderance of the evidence, but also must overcome the presumption that his counsel is competent. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

Appellate review of a motion court's decision in a *Rule 27.26* proceeding is expressly limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Rule 27.26(j); Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders,* 738 S.W.2d at 857; *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App. 1985).

In this case, appellant's trial attorney did present mitigating evidence at the penalty phase of trial. A psychiatrist testified about appellant's psychiatric abnormalities, and evidence was adduced that appellant suffered from a heart condition. However, counsel has no absolute duty to present mitigating character evidence at the penalty phase of trial. *Mitchell v. Kemp,* 762 F.2d 886, 889 (11th Cir.1985); *cert. denied,* 483 U.S. 1026, 107 S.Ct. 3248, 97 L.Ed.2d 774 (1987); *Laws v. Armontrout,* 863 F.2d 1377, 1382–83 (8th Cir.1988). Counsel does have a duty to make a reasonable investigation of possible mitigating evidence or to make a reasonable decision that such an investigation is unnecessary. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066; *Lightbourne v. Dugger,* 829 F.2d 1012, 1025 (11th Cir.1987). "In particular, the reasonableness of a decision not to investigate depends upon the *strategic choices and information provided by defendant.*" *Sanders,* 738 S.W.2d at 858. (emphasis added).

In *Zeitvogel v. State,* 760 S.W.2d 466, 470–71 (Mo.App.1988), the court concluded the trial attorney was not ineffective in failing to interview possible mitigation witnesses where movant failed to provide counsel with the names of possible witnesses. In *Stokes v. State,* 688 S.W.2d 19, 24 (Mo.App.1985), the court found that trial counsel was not ineffective for failing to

call movant's parents to the stand at the penalty phase of trial where movant did not suggest to counsel any witnesses who might have testified on his behalf.

Here, appellant's trial attorney testified he talked to appellant about his background, that appellant asked him to contact Iris Jones, his former wife, and that he did so. Appellant did not ask his attorney to contact any other relatives, nor did he provide the attorney with any information concerning their whereabouts. At the evidentiary hearing appellant's relatives' testified they knew appellant had been arrested but made no attempt to find out where he was being held or the date of his trial. None of the relatives ever contacted trial counsel, even though some of them were in contact with appellant.

■ The Court concludes that counsel's investigation into appellant's background was reasonable in light of appellant's failure to provide him with any information about his relatives and the relatives' apparent disinterest in appellant's case. Furthermore, the Court finds that the attorney's decision not to call appellant's relatives to the stand at the penalty phase was reasonable trial strategy.

In *Mitchell v. Kemp,* 762 F.2d 886, 890 (11th Cir.1985), the court held that counsel was not ineffective in failing to call any members of defendant's family to testify as to mitigating character evidence where this type of evidence would have been thoroughly rebutted by movant's prior conviction for attempted robbery. In *Guinan v. State,* 726 S.W.2d 754, 758 (Mo.App.1986), *cert. denied,* — U.S. —, 108 S.Ct. 210, 98 L.Ed.2d 161 (1987), the court concluded that it was reasonable trial strategy for counsel not to put family members on the stand in the penalty phase because the details of movant's prior felony convictions would have been revealed. In *Robison v. Maynard,* 829 F.2d 1501, 1511 (10th Cir. 1987), the court held that it was reasonable trial strategy not to call family and friends at the penalty phase to testify as to defendant's loving and peaceful nature where the mitigating value of this testimony would have been substantially if not altogether diminished through impeachment by prior bad acts.

In this case the state introduced in the penalty phase a record of appellant's conviction for attempted manslaughter and another conviction for incest. The state did not, however, elaborate on the details of either crime. If appellant's attorney had called appellant's relatives as witnesses, the state, on cross examination, could have emphasized these prior criminal convictions. The negative impact on the jury resulting from the convictions, particularly the incest conviction, easily could have outweighed any positive testimony concerning appellant's family background.

"A lawyer's election not to present mitigating evidence is a tactical choice accorded a strong presumption of correctness...." *Lightbourne,* 829 F.2d at 1025. *See also Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065; and *Sanders v. State,* 738 S.W.2d at 858. In this case, as in *Mitchell, Guinan,* and *Robison,* defendant failed to overcome the presumption that his attorney's decision not to present the testimony of his relatives in mitigation was a reasonable tactical choice. The finding of the motion court on this issue is not clearly erroneous.

■ Appellant's trial attorney also acted reasonably in choosing not to present appellant's military records in the penalty phase. In *Laws v. Armontrout,* 863 F.2d 1377 (8th Cir.1988), defendant also contended that counsel was ineffective in failing to present his military record at the penalty phase of trial. Law's military record, however, included prejudicial facts about his drug usage, an auto theft charge, and an A.W.O.L. conviction. The court concluded that "... it was not unreasonable for counsel to conclude that the potential risks of a defense based on Law's Vietnam experience outweighed the potential benefits. Counsel's performance in this regard cannot be considered deficient." 863 F.2d at 1390.

In this case, trial counsel was aware of appellant's military background and had a copy of his military records. These records showed that appellant was honorably discharged from service during World War II, but also showed that as a result of a psychiatric examination he had received an administrative discharge in lieu of a puni-

tive discharge under a general court martial during the Korean War.

The trial attorney made a reasonable strategic decision not to offer these military records in the penalty phase of trial. These records not only highlighted appellant's psychological problems but also emphasized his disciplinary problems while in the service. The administrative discharge in lieu of a general court martial could very well indicate that appellant had committed a court martial offense. Viewed alongside of appellant's prior criminal convictions, his military record underscores for the jury the image of a man with a history of lawless and anti-social behavior. Like counsel in *Laws,* appellant's trial attorney could have reasonably concluded that the risks of introducing the military records outweighed the potential benefits.

Movant has failed to overcome the presumption that his attorney's decision not to introduce his military records was sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Sanders,* 738 S.W.2d at 858. The finding of the hearing court on this issue is not clearly erroneous.

Appellant contends, for the first time on appeal, that the trial court lacked jurisdiction to impose the death sentence because the statutory aggravating circumstance found by the jury was unconstitutionally vague and overbroad under the standard established in *Maynard v. Cartwright,* —— U.S. ——, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988).

■ The aggravating circumstance found by the jury in this case was that the murder involved torture or depravity of mind and that as a result thereof it was outrageously or wantonly vile, horrible or inhuman. *State v. Jones,* 705 S.W.2d 19, 21 (Mo. banc), cert. denied 477 U.S. 909, 106 S.Ct. 3286, 91 L.Ed.2d 574 (1986). *See also* § 565.012.2(7), RSMo 1978. This aggravating circumstance was found to pass constitutional muster in *State v. Griffin,* 756 S.W.2d 475 (Mo. banc 1988). *Griffin* held that the depravity of mind aggravating circumstance, as construed by this Court, "... is sufficiently definite to provide a principled means to distinguish cases in which the death penalty is imposed from

those in which it is not." 756 S.W.2d at 490. *Griffin* concluded that one of several factors must be present before a finding of depravity of mind will be found to be supported by the evidence. These factors included serious physical abuse of the murder victim, actions on the part of the defendant in callous disregard for the sanctity of life, infliction of physical or psychological torture upon the victim, and mutilation of the body after death. 756 S.W.2d at 489–490. *See also State v. Preston,* 673 S.W.2d 1, 11 (Mo. banc), cert. denied 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984). The requirement that one of these factors be present to support a finding of depravity of mind distinguishes the Missouri aggravating circumstance from the one found constitutionally deficient in *Maynard.*

In *Mercer v. Armontrout,* 864 F.2d 1429 (8th Cir.1988), the court noted that the Missouri aggravating circumstance requires in addition to outrageous or wanton or inhuman conduct a finding of depravity of mind. This requirement, concluded the court, distinguishes the Missouri aggravating circumstance from the aggravating circumstance in *Maynard v. Cartwright,* which only required a general finding that a murder is especially heinous, atrocious, or cruel. 864 F.2d at 1435–36.

■ The death penalty in this case was not imposed in an arbitrary or capricious manner. The jury, in finding that the murder involved torture or depravity of mind, specifically found physical abuse of the victim prior to death and mutilation of the body after death. *See Jones,* 705 S.W.2d at 21. These are two of the factors, declared in *Griffin,* to support a finding of depravity of mind. The point is denied.

The judgment is affirmed.

BLACKMAR, WELLIVER, RENDLEN, HIGGINS and COVINGTON, JJ., and GAERTNER, Special Judge, concur.

ROBERTSON, J., not sitting.