STATE of Missouri,
Plaintiff–Respondent,

v.

Rodney GANN, Defendant–Appellant.

No. 15961.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 31, 1989.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jim Lynn, Columbia, for defendant-appellant.

GREENE, Judge.

Defendant, Rodney Gann, was jury-convicted of the crime of robbery in the first degree, § 569.020 RSMo 1986, and thereafter sentenced to 10 years' imprisonment as punishment for the crime.

Gann appeals, contending the trial court erred in 1) failing to strike for cause several members of the jury panel Gann asserts were biased against him, and 2) failing to declare a mistrial when a venireperson, during voir dire, asked if during Gann's escape attempt a jailer had been assaulted. We affirm.

The sufficiency of the evidence to sustain the conviction is not disputed. It suffices to say that viewed in the light most favorable to uphold the jury verdict of guilty, the evidence at trial was that on July 10, 1987, Gann and three companions drove to the Shoal Creek Quik Spot, a convenience store located in Newton County, Missouri. Gann, armed with a .32 caliber automatic pistol, entered the store, and, after threatening to shoot the store owner, removed approximately $180 that was in the cash register, after which Gann fled the scene. Gann was later apprehended and confessed to the crime. These facts constituted sufficient proof of the crime of robbery in the first degree.

■ Gann's first point relied on in his claim of trial court error concerns the trial court's refusal to strike for cause a number of prospective jurors who said during voir dire that they had formed an opinion that Gann had escaped from jail while he was being held for trial on the robbery charge. Evidence was introduced at trial that on October 18, 1987, Gann and several other inmates of the Newton County jail escaped. Evidently, although the trial judge would not permit evidence concerning an assault on a jailer during the escape attempt, one of the jailers whose name was Naylor was beaten by some of the escapees, but not by Gann.

During the State's portion of the voir dire examination, the prosecutor told the jury panel that he would introduce evidence concerning Gann's escape from jail, and asked if any members of the panel had heard about the escape. A number of the prospective jurors said they had and that the source of their information was news reports on the radio or television. The prosecutor asked if that fact would affect their judgment as to whether Gann had committed the robbery, and all of those who had heard reports concerning the escape said it would not.

Later, while being further questioned by Gann's trial attorney, most of the venirepersons who had indicated that they had heard the media reports concerning Gann's escape, indicated that they believed such reports were true, but again, indicated that such belief would not affect their judgment as to whether Gann had committed the robbery in question. At the conclusion of the voir dire, Gann's trial attorney moved to strike for cause those persons from the panel that had indicated they had formed an opinion as to whether Gann had escaped from jail. The motion was denied. Gann used his peremptory strikes to remove several of those prospective jurors from the list, but could not remove all of them through that method. Four of the prospective jurors in question served as jurors in the case.

Rulings on challenges for cause lie generally within the sound discretion of the trial court and will not be disturbed absent a clear abuse of that discretion, *State v. Royal*, 610 S.W.2d 946, 950 (Mo. banc 1981). Doubt as to the propriety of a ruling with respect to the qualifications of a juror is normally resolved in favor of the trial court. *State v. Stewart*, 596 S.W.2d 758, 760 (Mo.App.1980).

The statute concerning challenges of jurors for cause in criminal cases is § 546.150. It reads as follows:

It shall be a good cause of challenge to a juror that he has formed or delivered an opinion on the issue, or any material fact to be tried, but if it appear that such opinion is founded only on rumor and newspaper reports, and not such as to prejudice or bias the mind of the juror, he may be sworn.

Since the prospective jurors' opinions on the escape question had their basis in media reports, and since it appears from their answers to questions by the prosecutor that those opinions had not caused them to form an opinion as to the guilt or innocence of Gann on the robbery charge, no bias or prejudice against Gann resulted from their opinion concerning the truth of the escape reports, which, incidentally, were not contested at trial. *State v. Davis*, 7 S.W.2d 264, 267 (Mo.1928). *See also State v. Leisure*, 749 S.W.2d 366, 372 (Mo. banc 1988) and *State v. Johnson*, 362 Mo. 833, 245 S.W.2d 43, 47 (Mo. banc 1952). The trial court did not err in denying the challenges for cause.

 In his remaining point of claimed error, Gann asserts that the trial court erred in failing to declare a mistrial when, during voir dire by defense counsel, the jury panel was asked if they had "heard over the news media that a person by the name of Rodney Gann had allegedly escaped," a venireperson replied, "Let me ask a question. Is this where the jailers were beaten? Were they beaten when they escaped or—" The attorney then said, "Mr. Gann had nothing to do with that, ma'am," to which the lady replied, "I must have it mixed up, then." No request was made at that time, or at any other time, for a mistrial because of the juror's questions.

If defense counsel thought the question was improper and possibly prejudicial, it was his duty to bring the alleged juror misconduct to the trial court's attention in a timely fashion. *State v. Choate*, 600 S.W.2d 37, 42 (Mo.App.1979). He did not do so. By failing to call for a mistrial at the proper time, any claimed error was waived, *State v. Bizzle*, 500 S.W.2d 259, 263 (Mo.App.1973), as the trial court had no duty to determine, sua sponte, by questioning the prospective juror, whether any prejudice to Gann occurred because of the juror's remark. *State v. Teter*, 724 S.W.2d 538, 540 (Mo.App.1986). *See also State v. Cooper*, 735 S.W.2d 85, 86 (Mo.App.1987). The point has no merit.

Judgment affirmed.

HOLSTEIN, C.J., and CROW, P.J., concur.