

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| RUSSELL DUNN, | ) | No. ED111939 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Jefferson County |
| vs. | ) | 22JE-CC00362 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Victor J. Melenbrink |
| | ) | |
| Respondent. | ) | Filed: May 28, 2024 |

Before John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

## Introduction

The underlying crimes giving rise to this Rule 24.035 ineffective assistance of counsel case occurred on June 17, 2020, in Crystal City, Missouri when appellant Russell Dunn entered an insurance agency with a gun, robbed the lone employee, and then resisted arrest by claiming his backpack contained a bomb. During his pre-plea incarceration, Dunn experienced a series of medical ailments and procedures including six surgeries. Dunn pleaded guilty to robbery and to making a terroristic threat for which he was sentenced to twelve years.

In his sole point on appeal, Dunn argues that plea counsel was ineffective for failing to make reasonable efforts to obtain additional medical information regarding his conditions after the sentencing court gave him leave to do so and that such efforts would have resulted in a lesser sentence. We affirm because the plea court was not clearly erroneous in finding plea counsel

made a strategic decision not to further investigate Dunn's medical claims and this strategic decision did not prejudice Dunn.

## Background

Upon entering the office, Dunn pointed his gun at Victim, a female employee who was alone in the office, and demanded money. Victim gave Dunn $20. Dunn demanded $4,000 and ordered Victim to get the money from her personal bank account. While contacting her bank, Victim used her smartwatch to surreptitiously alert her husband of her predicament and her husband notified the police. When police arrived and made contact with Dunn, he lied by threatening that he had a bomb in his backpack. The police entered the office shortly thereafter and successfully arrested Dunn. Dunn was charged with three felonies – robbery in the first degree (Count I), armed criminal action (Count II), and making a terroristic threat in the second degree (Count III).

While in the county jail between the time of his arrest on June 17, 2020, and his plea hearing on October 18, 2021, Dunn underwent six surgeries[1] due to various medical issues including seizures and strokes. He claims he still struggles with poor memory, speaking, and difficulty walking.

After Dunn claimed he did not remember his crimes that day, plea counsel had a forensic psychiatrist examine him. The doctor found no evidence of mental disease or defect which could have provided a defense to his crimes and instead believed Dunn was malingering. Plea counsel strategically decided not to have the doctor issue a report. Additionally, counsel spent several

---

[1] These included surgery to fix the blood flow to his brain after he suffered three strokes; triple heart bypass surgery; surgery to install an internal defibrillator due to his congestive heart failure; and surgery to install a drain in his skull to remove excess fluid after another inmate violently attacked him.

hours researching Dunn's conditions including his strokes and heart conditions but found nothing fruitful as a defense to his crimes.

On October 18, 2021, Dunn pleaded guilty to the charges of robbery and making a terrorist threat. In exchange, the State dismissed the armed criminal action count. During the first sentencing hearing on December 22, 2021, Dunn changed his plea to an *Alford* plea due to his alleged inability to remember the crimes. At that point, the plea court deferred his sentencing hearing to February 1, 2022, in order to review additional medical evidence to determine if Dunn posed a threat to the community.

In the sixty days before the February 1, 2022 plea hearing, plea counsel made one unsuccessful attempt to consult with a neuropsychologist. Plea counsel testified that he was unable to pursue other experts or potential witnesses due to the holidays and because he contracted COVID.

So, at the February 1, 2022 sentencing hearing, plea counsel informed the court that he had no further medical evidence to offer and the court denied his request for an additional thirty days to pursue same. The plea court ultimately sentenced Dunn to twelve years on the robbery charge and four years on the terrorist threat charge to be served concurrently in the Missouri Department of Corrections.

Dunn timely filed a *pro se* motion for post-conviction relief. Appointed counsel filed Dunn's amended motion on February 16, 2023. After the May 4, 2023 evidentiary hearing, the court issued its findings of facts and conclusions of law denying Dunn's post-conviction motion. Dunn now appeals.

### Standard of Review

We review a denial of a Rule 24.034 motion for post-conviction relief to determine solely whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Gurley*

*v. State*, 413 S.W.3d 511, 514 (Mo. App. E.D. 2014). Clear error exists if review of the record as a whole leaves the Court with the firm and definite impression that a mistake has been made. *Id*. The motion court's findings are presumed to be correct. *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. Banc 2013).

To receive post-conviction relief on a claim of ineffective assistance of counsel, a movant must satisfy the two-pronged *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668 (1984). The movant must establish by a preponderance of the evidence that (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney, and (2) the movant was prejudiced as a result. *Taylor v. State*, 456 S.W.3d 528, 534 (Mo. App. E.D. 2015). If the movant fails to establish either prong, we need not consider the other and the ineffective assistance claim must fail. *Roberts v. State*, 535 S.W.3d 789, 797 (Mo. App. E.D. 2017).

**Discussion**

We disagree with Dunn's assertion that plea counsel was ineffective for failing to make reasonable efforts to obtain additional medical information and that such information would have resulted in a lesser sentence.

To succeed in a claim of ineffective assistance of counsel based on inadequate preparation or investigation, a movant must allege (1) what information plea counsel failed to discover; (2) that a reasonable investigation or preparation would have resulted in the discovery of such information, and (3) that the information would have aided or improved their defense. *Hill v. State*, 301 S.W.3d 78, 82 (Mo. App. S.D. 2010).

"Counsel does have a duty to make a reasonable investigation of possible mitigating evidence or to make a reasonable decision that such an investigation is unnecessary." *Jones v. State*, 767 S.W.2d 41, 43 (Mo. banc 1989). "[T]he reasonableness of a decision not to

4

investigate depends upon the strategic choices and information provided by the defendant." *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987).

This record demonstrates plea counsel made a reasonable strategic decision not to further investigate Dunn's claims. Plea counsel testified (1) that a report from a forensic psychiatrist would not have been helpful to Dunn's case; (2) counsel researched Dunn's medical issues; and (3) that more information would "probably not" change the result of the matter. The motion court found plea counsel's testimony credible while finding Dunn never specified what evidence plea counsel failed to discover.[2] We are not inclined to find the motion court clearly erred given the speculative nature of Dunn's claims.

Further, plea counsel's conduct did not prejudice Dunn. Dunn faced three felony charges and up to life in prison. Dunn received twelve years and had the armed criminal action dropped. A review of the record reflects that at the February 1 sentencing hearing more medical evidence would not likely have changed the sentence the trial court imposed. Thus, although plea counsel sought leave to collect more mitigating evidence at the December 22 hearing and did not do so, plea counsel's failure did not result in prejudice. Point denied.

**Conclusion**

For the reasons set forth above, we affirm.

_____
James M. Dowd, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

---

[2] "The motion court is free to believe or disbelieve any portion of the testimony, and we defer to the motion court's credibility determinations." *Winans v. State*, 456 S.W.3d 912, 916 (Mo. App. S.D. 2015).