

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| MARCELL SMITH, | ) | No. ED112499 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 17SL-CC01173 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Bruce F. Hilton |
| | ) | |
| Respondent. | ) | FILED: April 22, 2025 |

## Introduction

Marcell Smith (Smith) appeals the judgment denying his Rule 29.15[1] amended motion for post-conviction relief. Smith's amended motion alleged that (1) trial counsel was ineffective for not presenting mitigating evidence at sentencing, (2) appellate counsel was ineffective for failing to raise the denial of a request for a mistrial, and (3) appellate counsel was ineffective for failing to raise the denial of a motion to suppress identification. We disagree and affirm the motion court's judgment.

## Factual and Procedural Background

On June 25, 2014, Smith shot and robbed Victim[2] at his home after selecting clothes to purchase from Victim. Victim was familiar with Smith from prior transactions, but did not know

---

[1] All rule references are to the Missouri Supreme Court Rules (2024).

[2] The personal identifying information of the victim has been omitted pursuant to section 509.520, RSMo (Cum. Supp. 2023).

his name. Victim flagged down a police officer (Officer) and provided a description of the shooter. Following his release from the hospital, Victim asked around the neighborhood, and an acquaintance told Victim the shooter's name. Victim found Smith's photograph online, and relayed this information to Officer. After Victim identified Smith in a photographic lineup, Officer arrested Smith, who was wearing the same outfit he had on at the time of the shooting.

Smith was charged with first-degree assault, first-degree robbery, and two counts of armed criminal action as a prior and persistent felony offender. The case proceeded to trial on December 7, 2015. A jury found Smith guilty of the lesser-included second-degree assault, first-degree robbery, and two counts of armed criminal action. The trial court entered judgment on the jury's verdict and sentenced Smith to terms of imprisonment of 15 years for the second-degree assault, 18 years for the first-degree robbery, and 3 years each for the armed criminal actions, all counts to be served concurrently. This Court affirmed the judgment and sentences in *Smith v. State*, 510 S.W.3d 364 (Mo. App. E.D. 2017). Smith sought post-conviction relief under Rule 29.15, and appointed counsel timely filed an amended motion.

On November 17, 2023, the motion court held an evidentiary hearing. Trial counsel testified that she was familiar with the value of mitigation evidence but that she did not present mitigating evidence at Smith's sentencing. Trial counsel could not recall whether she asked Smith if he had any family members she could speak with about mitigation. Trial counsel further testified that she filed a motion to suppress the identification made by Victim because she believed the photographic lineup was suggestive and unreliable. Lastly, trial counsel testified about Victim saying "Get 'em" near the jury following his testimony. Trial counsel requested a mistrial, which was denied. The trial court had inquired whether any of the jurors heard Victim's comment. The sole juror who reported hearing the comment was given instruction, outside the hearing of the rest

2

of the jurors, to not tell the other jurors what he heard and that the comment was not evidence. The juror informed the trial court that he would not let the statement influence his deliberations. Trial counsel renewed her request for a mistrial, which was denied.

Appellate counsel testified that after reviewing the claims and researching case law, she determined the issues were not meritorious. Appellate counsel instead chose to raise two other claims addressing evidentiary issues.

Smith testified that trial counsel never asked him questions about his background, childhood, education, or other life experiences. Smith further testified that he had completed two semesters at community college, and detailed his history of substance abuse and treatment. Smith claimed that trial counsel did not ask if she could speak to any family members and that he would have given names if asked. Smith stated that he would have referred her to his mom, one of his old bosses, his siblings, and his aunts, and that his family would have shared details of Smith's history of childhood abuse. Responding to examination by the motion court, Smith testified that his family was not present at sentencing because he was frustrated and did not want his family to see him like that.

The motion court denied Smith's motion for post-conviction relief. This appeal follows.

### Standard of Review

Review of denial of post-conviction relief is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (per curiam). The motion court's findings are presumed correct and the ruling "will only be disturbed if, after a review of the entire record, the reviewing court is left with the definite impression that a mistake has been made." *Id*.

<u>Discussion</u>

To obtain post-conviction relief for ineffective assistance of counsel, Smith must satisfy the two-pronged *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Smith is required to establish "by a preponderance of the evidence that (1) his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) his counsel's deficient performance prejudiced him." *Anderson*, 196 S.W.3d at 33. If a movant fails to satisfy either prong of the *Strickland* test, then we need not consider the other and the ineffective assistance claim fails. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997).

To succeed on the first prong, Smith must overcome a strong presumption that trial counsel's representation was reasonable by pointing to specific actions or omissions that, given the circumstances, fell outside the wide range of competent assistance. *Anderson*, 196 S.W.3d at 33. To succeed on the second prong, Smith must show a reasonable probability that but for trial counsel's errors, the outcome would have been different. *Id.*

*Point I – Mitigation Evidence at Sentencing*

In Point I, Smith claims that the motion court clearly erred in denying his motion for post-conviction relief because trial counsel failed to present mitigating evidence at sentencing. Specifically, Smith claims that trial counsel should have presented evidence that he was taking college classes, and that he was abused as a child and struggled with substance abuse, which ultimately led to his criminal history. We disagree because counsel did not perform unreasonably in light of the circumstances and because Smith was not prejudiced.

Counsel has no absolute duty to present mitigating evidence at sentencing. *Jones v. State*, 767 S.W.2d 41, 43 (Mo. banc 1989). However, counsel has "a duty to make a reasonable investigation of possible mitigating evidence or to make a reasonable decision that such an

4

investigation is unnecessary." *Id*. "In particular, the reasonableness of a decision not to investigate depends upon the strategic choices and information provided by the defendant." *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). In *Jones*, the movant alleged ineffective assistance of trial counsel for failing to present mitigating evidence at the penalty phase. 767 S.W.2d at 43. Specifically, Jones claimed that trial counsel should have called his relatives to testify and should have introduced his army records into evidence. *Id*. Trial counsel had discussed Jones's background with him and Jones asked trial counsel to talk to his ex-wife, which he did. *Id.* at 44. However, Jones did not ask trial counsel to contact any other relatives. *Id*. The *Jones* court found trial counsel's investigation into Jones's background to be reasonable because Jones failed to provide trial counsel with any information about his relatives. *Id*.

Smith cannot satisfy either prong of the analysis as to his mitigating information. Trial counsel was not ineffective for failing to present evidence of Smith's childhood abuse or history of substance abuse because Smith failed to provide her with any information that would have allowed trial counsel to gather mitigating evidence. Smith did not identify to trial counsel particular people to call or what they would testify to. Smith asserts that trial counsel should have instead elicited this information from him. Failing to present mitigating evidence under these circumstances was not unreasonable. *See id*. at 43-44.

Although we need not inquire as to the second prong due to Smith's failure to prove ineffective assistance, we find that Smith was not prejudiced by any failure to present mitigating evidence. First, Smith testified at sentencing. He could have elected to speak about any mitigating factors but chose not to. Smith admitted that his family was not present at sentencing because he did not want his family to "see [him] like that." His own testimony is fatal to his argument.

5

Further, as to Smith's claim that his criminal history was due to substance abuse, the trial court was aware of Smith's history of drug use due to Smith's status as a prior and persistent felony offender. Smith's prior convictions included a prior for possession of a controlled substance.

Moreover, although Smith received the maximum 15-year sentence on the second-degree assault, the 18-year sentence he received on the more serious first-degree robbery was well below the 30-year maximum. The indeterminate nature of sentencing makes demonstrating prejudice due to ineffective assistance of counsel nearly impossible. *Bozeman v. State*, 653 S.W.3d 132, 137 (Mo. App. E.D. 2022). Under these facts, Smith has not met his burden to show a reasonable probability that he would have received a lesser sentence, and the motion court did not clearly err by denying this claim. *See* Rule 29.15(k); *Bozeman*, 653 S.W.3d at 138. Point denied.

*Point II – Motion for Mistrial*

In his second point, Smith argues that the motion court clearly erred when denying his motion for post-conviction relief based on the ineffective assistance of appellate counsel. Smith asserts that appellate counsel should have raised the issue of the trial court's denial of his motion for mistrial following Victim's unelicited comment near the jury. We disagree because appellate counsel's decision not to raise this claim was reasonable and Smith was not prejudiced.

To prove ineffective assistance of appellate counsel, Smith "must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Taylor v. State*, 262 S.W.3d 231, 253 (Mo. banc 2008) (quoting *Williams v. State*, 168 S.W.3d 433, 444 (Mo. banc 2005)). Secondly, he must demonstrate that if appellate counsel had raised the claim, a reasonable probability of a different outcome on appeal exists. *Id.*

6

Appellate counsel is not required to present every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides against raising those points. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Appellate counsel may instead select the claims they believe to maximize the client's success on appeal. *Morales v. State*, 323 S.W.3d 466, 471 (Mo. App. E.D. 2010).

Appellate counsel's decision to not raise the mistrial issue was reasonable because she testified that she reviewed the claim and relevant case law and determined it was not viable. Smith further fails to show that he was prejudiced by appellate counsel's decision because the claim would not have provided a reasonable probability of reversal had it been raised on direct appeal. *See Mallow v. State*, 439 S.W.3d 764, 770 (Mo. banc 2014). If misconduct involving the jury takes place during the trial, a showing that none of the jurors were improperly influenced is sufficient to avoid a mistrial. *State v. Teter*, 724 S.W.2d 538, 540 (Mo. App. W.D. 1986). Courts must consider "the extent to which [a] defendant's right to a fair trial has been prejudiced." *Id*. Courts are afforded broad discretion in determining whether a new trial for juror misconduct is necessary, and these decisions are reviewed for abuse of discretion. *State v. Herndon*, 224 S.W.3d 97, 101 (Mo. App. W.D. 2007). It is not an abuse of discretion to deny a request for new trial "where there was no evidence that the jurors obtained any new, different, or conflicting evidence." *Rogers v. Steuermann*, 552 S.W.2d 293, 295 (Mo. App. 1977). Further, the trial court's limiting instruction was sufficient to cure any potential prejudice because "[j]urors are presumed to follow the trial court's instructions." *State v. Watson*, 391 S.W.3d 18, 23 (Mo. App. E.D. 2012).

Here, only one juror heard the comment, which did not contain any "new, different, or conflicting evidence." *Rogers*, 552 S.W.2d at 295. Any potential prejudice was cured by the trial court's limiting instruction. *Watson*, 391 S.W.3d at 23. Point denied.

*Point III – Motion to Suppress Identification*

Lastly, Smith alleges that the motion court clearly erred in denying his motion for post-conviction relief because appellate counsel should have raised the issue of the trial court's denial of Smith's motion to suppress identification. We disagree because appellate counsel's decision not to raise the claim was reasonable and Smith was not prejudiced.

Smith fails the first *Strickland* prong for the same reason as Point II, in that after reviewing the claim and the case law, appellate counsel determined the claim would not succeed on appeal. Appellate counsel's decision to not raise the identification suppression issue was reasonable because she reviewed relevant case law about identification suppression rulings and determined that the case law did not support the claim. *See McAllister v. State*, 643 S.W.3d 124, 131 (Mo. App. E.D. 2022) ("A decision made by counsel based on reasonable legal strategy is virtually unchallengeable[.]" (internal quotation omitted)).

Smith also fails to show prejudice because this claim would not have a reasonable probability of success on direct appeal. *See Mallow*, 439 S.W.3d at 770. Courts use a two-pronged inquiry in determining the admissibility of identification testimony: (1) whether the procedures used by the police were impermissibly suggestive and (2) whether, as a result, the identification testimony is reliable. *State v. Butler*, 642 S.W.3d 364, 371 (Mo. App. E.D. 2022). Courts will only analyze the second prong if the procedures were found to be impermissibly suggestive. *Id.* Procedures used by police in administering identifications are "impermissibly 'suggestive if the witness's identification of the defendant results from the procedure or actions of the police rather than from the witness's recollections.'" *Id.* (quoting *State v. Gordon*, 551 S.W.3d 678, 682 (Mo. App. W.D. 2018)). This step focuses only on police officers' actions. *Id.*

Smith claims that the pretrial identification procedure was unduly suggestive because Victim's memory of the shooter was tainted by his acquaintance telling him the shooter might be

8

Smith, Victim's independent research, and Officer allegedly showing Victim a mugshot of Smith, which Officer denied doing. Aside from Victim's bare allegation that Officer showed him a mugshot of Smith prior to the photographic lineup, the actions challenged were not those of the police, which do not render Officer's actions impermissibly suggestive. Point denied.

## Conclusion

For the reasons set forth above, we affirm the motion court's judgment.

_____
Virginia W. Lay, J.

Lisa P. Page, P.J., concurs.
Rebeca Navarro-McKelvey, J., concurs.