STATE of Missouri,
Plaintiff-Respondent,

v.

Robert HANSEL, Defendant-Appellant.

No. 43272.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 17, 1981.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Dec. 16, 1981.

Application to Transfer Denied
Jan. 18, 1982.

William Shaw, Public Defender, Robert J. Maurer, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Defendant appeals from a conviction of assault in the first degree in violation of § 565.050, RSMo 1978, for which he received a ten year sentence. The judgment is reversed and the cause remanded for a new trial.

Appellant's primary point on appeal is that the trial court erred when it allowed the prosecution, over defense counsel's objection, to cross-examine defendant about appellant's probationary status under a suspended imposition of sentence for a prior felony. Appellant asserts the trial court committed reversible error by permitting the prosecution to impeach appellant's credibility with evidence of a prior crime for which there had been no conviction. The point is well taken.

Appellant and a friend were charged with assault in the first degree. All the arresting officers testified that appellant confessed to the assault, stating that he would take the "rap" for the both of them. Appellant took the stand in his own defense. Appellant admitted making the statements to the officers but claimed he lied at the time to protect his friend who really committed the

assault. Appellant also said he had never been convicted of a crime.

On cross-examination the prosecutor asked appellant what punishment he had thought his friend would get. Appellant replied, "I thought maybe he would get probation or something." The prosecutor then asked appellant what he knew about probation, at which point defense counsel objected. The prosecutor told the court he wanted to ask about appellant's probationary status in order to challenge the credibility of appellant's claim that he admitted to the assault only to protect his friend, reasoning that if appellant were on probation at the time he would not have confessed falsely to a second crime. The trial court overruled defense counsel's objection.

Appellant admitted being on probation under a suspended imposition of sentence for a felony. The prosecution asked appellant if he realized that by taking the blame for his friend his probation would be revoked and he could be sentenced to five years in prison for the prior felony. Appellant said he did not know the sentence would be five years. Appellant had no other criminal record.

The jury found appellant guilty of assault in the first degree and sentenced him to ten years.

Appellant's objection to questioning concerning his probationary status is well taken. Under § 491.050, RSMo 1978, any witness, including an accused, may be cross-examined about prior convictions in order to impeach his credibility. *State v. Frey*, 459 S.W.2d 359, 360 (Mo.1970); *State v. Amos*, 490 S.W.2d 328, 330[1] (Mo.App. 1972). For purposes of § 491.050, however, a suspended imposition of sentence is not a conviction because sentence has not been pronounced or imposed. *State v. Frey, supra* at 362[1, 2]. The prosecution's questions concerning probation and suspended imposition of sentence therefore were questions concerning prior misconduct committed by appellant which did not result in a conviction.

The extent of cross-examination rests largely in the discretion of the trial court. *State v. Dunn*, 577 S.W.2d 649, 653[3, 4] (Mo. banc 1979); *State v. Stearns*, 617 S.W.2d 505, 508[6, 7] (Mo.App.1981). However, questions concerning prior acts of misconduct, used to attack a defendant's credibility raise a serious presumption of prejudicial error. *State v. Dunn, supra* at 653[1]; *State v. Pierce*, 595 S.W.2d 748, 752 (Mo.App.1980); *State v. Weaver*, 591 S.W.2d 727, 730[2, 3] (Mo.App.1979). Such questions may be asked if proof of the prior misconduct has a legitimate tendency to directly establish defendant's guilt of the charge for which he is on trial or fits into an exception to show motive, intent, absence of mistake or accident, a common plan or the identity of the person charged. *State v. Reed*, 447 S.W.2d 533, 534[1] (Mo. 1969); *State v. Weaver, supra.*

The prosecution introduced the evidence of probation to cast doubt on appellant's story. The prosecution reasoned that a probationer is not as likely to take the blame for a friend since he would be risking two jail sentences instead of one. The challenged cross-examination is not included in any of the recognized exceptions to the general rule prohibiting questions about prior misconduct when there has been no conviction, and therefore, raises a presumption of prejudicial error. The prosecution did nothing to overcome this presumption. The trial court, therefore, committed reversible error in overruling defense counsel's objection to the questions about appellant's probationary status.

It is unnecessary to consider the other points raised by appellant because they may not arise in a second trial.

The judgment is reversed and the cause remanded for a new trial.

REINHARD, P. J., and CRIST, J., concur.