**STATE of Missouri, Respondent,**

v.

**Robert TURNER, Appellant.**

**No. 50302.**

Missouri Court of Appeals,
Eastern District,
Division Nine.

July 29, 1986.

**878**

Ronald L. Rothman, St. Louis, for appellant.

Lee A. Bonine, Office of Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Robert A. Turner, appeals from his convictions, after a jury trial, of two counts of criminal possession of a weapon, to wit, unlawful possession of a machine gun, § 571.020(2), RSMo (Cum. Supp.1984), and unlawful possession of a firearm silencer. § 571.020(5), RSMo (Cum.Supp.1984). He was sentenced as a prior offender to concurrent terms of seven years' imprisonment on each count. We affirm.

The record, viewed in the light most favorable to the verdict, disclosed that on July 22, 1983, a person using the name of Robert A. Turner checked into a motel in St. Louis County. Later that day, a guest heard shots being fired in the room registered to Turner and saw a man brandishing a gun come out of that room. She stated that the man had brown hair and was wearing a black leather jacket. He ran across the parking lot in the direction of an adjacent hotel. Shortly thereafter, a woman came out of the room carrying a large suitcase-like purse. She got into a brown car and drove away.

When the police searched the room they discovered numerous bullet holes in the walls and furniture and approximately 20 to 30 shell casings. Two blocks from the motel, the police located a brown car which matched the description of the one in which the woman left. A search of the auto uncovered two Missouri driver's licenses, one issued to Robert Allen Turner and one issued to the titled owner of the car, a woman. The auto also contained a state identification card issued to Turner and the key for the motel room in which the shots had been fired. Several firearms and rounds of ammunition were found in a suitcase-like bag.

The police searched the area surrounding the motel, proceeding in the direction in which the man had fled. In some bushes they found a black leather jacket and an automatic .380 caliber machine gun with silencer attached. Tests later revealed that several of the bullets found in the room had been fired from this weapon.

On July 25, 1983, the police received a phone call from a man who identified himself as Robert Turner. The call was traced to another nearby motel where defendant was subsequently apprehended. Defendant had a gun in his pocket at the time of his arrest. After being advised of his *Miranda* rights, defendant made an incriminating statement to the police. With these facts as background, other pertinent facts will be developed as necessary under the appropriate points on appeal.

In his first point, defendant asseverates error in the trial court's admitting into evidence a .25 caliber Beretta automatic handgun found on his person at the time of his arrest. He argues that the pistol was completely unrelated to the offenses for which he was charged. Defendant relies primarily on *State v. Perry*, 689 S.W.2d 123 (Mo.App.1985) which states: "weapons *unconnected with either the accused or the offense* for which he is standing trial lack any probative value and their admission into evidence is inherently prejudicial and constitutes reversible error." *Id.* at 125 (emphasis added).

At trial, the arresting officer testified that, after tracing the telephone call, he confronted defendant in the lobby of the second motel. Pulling his revolver, he identified himself as a police officer and told defendant to lie on the floor. At that point, defendant stepped back and reached toward his right hip pocket. A subsequent search of defendant uncovered a small handgun in that pocket.

■ Circumstances surrounding the arrest of a defendant are generally admissable where they tend to establish an attempt by defendant to resist, evade, escape or avoid arrest. *State v. Jones*, 583 S.W.2d 212, 215 (Mo.App.1979) (citing *State v. Campbell*, 533 S.W.2d 671, 675 (Mo.App. 1976)). The State may introduce evidence that defendant had a gun in his possession when arrested, although the gun is unconnected with the crime for which he is arrested. *Jones*, 583 S.W.2d at 214. "Arms tend to show that the defendant may have contemplated resistance and resistance to arrest is relevant to show consciousness of guilt." *Id.*

■ Defendant's act of reaching for the gun was an act of resisting arrest. Evidence that defendant resisted arrest was relevant because it evinced his consciousness of guilt. *See State v. Valentine*, 646 S.W.2d 729, 732 (Mo.1983). The gun was sufficiently connected with the defendant, if not the crime for which he was charged. *Compare Perry*, 689 S.W.2d at 125. The

trial court properly admitted the gun into evidence. Defendant's first point is denied.

■ Defendant next contends that there was insufficient evidence adduced to prove that he was a prior offender. Defendant concedes that identity of names is sufficient to establish an accused's identification for the purpose of showing a prior conviction. He argues that, under the facts of this case, no identity of names existed. The record of his conviction in federal court bore the name "Robert Turner"; defendant was indicted and tried under the name "Robert A. Turner." Defendant asserts that the discrepancy between the names by reason of the omission of the middle initial in the federal records rendered proof of his prior conviction insufficient.

In the instant case, the presence of a middle initial in one name and its absence in a second name did not destroy the identity of the two names. The omission of the middle initial was insignificant. "The identity of the first and last names alone authorized a finding by the trial court that defendant was the person previously convicted. A person's middle name has little, if any, legal significance." *State v. McMillan*, 593 S.W.2d 629, 635 (Mo.App.1980) (citations omitted). The trial court properly considered the federal conviction in determining defendant's prior offender status. We note that a different result might have been reached had the middle initials been disparate, i.e., Robert A. Turner versus Robert B. Turner. Defendant's second point is denied.

■ Defendant's third point charges error in the trial court's refusal to grant a mistrial on the basis of juror misconduct. The misconduct allegedly occurred when two jurors engaged in conversation while perusing the evidence. The discussion centered on a comparison of defendant's signature on documents which had been admitted into evidence; namely, the *Miranda* form, the motel registration slip, the identification card and driver's license. At a post-trial hearing, the trial judge, prosecutor, and defense counsel questioned the jurors about the incident.

Juror No. 5 recounted that he and Juror No. 6 were looking at the *Miranda* form and the motel registration slip simultaneously. When questioned about any conversations which occurred at that time, Juror No. 5 stated:

The other gentlemen [sic] asked me if there was any difference in a certain letter and I said, "One is signed and the other is printed." And that's all I said.

Juror No. 6 described the incident as follows:

It was during that time. It was—well, I asked while we were still sitting there to see the I.D. cards and driver's license. We were looking at them and I was comparing. He was looking over my shoulder to look at them. We got the paper on Miranda signature and we were comparing the way the signature was. No real conversation to speak of as to whether or not this was his signature. It was just, more or less, along the line of, is this the same signature. By the way, everything varied and there was really no conclusion, because the three signatures varied enough that you really couldn't draw a conclusion.

\* \* \* \* \* \*

I see that point, yes. It was kind of a thin line there discussing the case or just looking at the evidence, per say [sic]. In my mind I don't see it as a discussion of the case, but just kind of comparing the two. There is a thin line.

Both jurors stated that no conclusions were drawn about the evidence and that they retained an open mind about the case.

The trial court is accorded broad discretion in determining whether juror misconduct mandates a mistrial. *State v. Williams*, 577 S.W.2d 59, 62 (Mo.App.1978). In this case, the trial court provided an opportunity to scrutinize the alleged misconduct at a post-trial hearing. The evidence adduced at that hearing did not demonstrate that the jurors engaged in a detailed analysis of the documents or that they reached a consensus about the signatures thereon. Both jurors stated unequivocally that they had formed no opinion about the case. The evidence did not demonstrate blatant juror misconduct. The trial court did not abuse its discretion in refusing to grant a mistrial. Defendant's third point is denied.

In his fourth point, defendant claims that it was error for the trial court to admit an oral inculpatory statement made by defendant in the absence of independent proof of the corpus delicti. Following defendant's arrest, he told a police officer that he had fired the .380 caliber automatic in the motel room and had then abandoned the firearm and silencer. Defendant argues that no evidence existed independent of his confession to establish the corpus delicti. He asserts that no witness placed him at the scene of the shooting and that he had gray hair and not brown as described by a witness.

■ The corpus delicti is established by proof of the crime charged and that the crime was committed by someone. *State v. Gantt*, 644 S.W.2d 656, 662 (Mo.App.1982). "To establish the corpus delicti the proof need not point the finger of guilt to any particular individual." *Id.* A conviction cannot be sustained solely on the basis of an extrajudicial confession. *State v. Garrett*, 595 S.W.2d 422, 430 (Mo.App.1980). An out-of-court confession, however, corroborated by independent evidence establishing the corpus delicti, is sufficient to support a conviction. *State v. Allen*, 684 S.W.2d 417, 424 (Mo.App.1984).

■ The evidence established that a man left the motel room carrying a weapon, running in the direction of an adjacent hotel. The motel room contained numerous bullet holes and shell casings. Searching in the direction in which the man had fled, the police found a machine gun and silencer abandoned in some bushes near the motel. Some of the bullets in the motel room had been fired from the machine gun.

There was ample evidence that someone possessed the machine gun and silencer. This evidence was consistent with defendant's confession that he had fired a machine gun in the motel room and then aban-

doned it and a silencer. The confession was therefore admissible. Defendant's fourth point is denied.

■ Defendant's fifth point challenges the sufficiency of the evidence. In view of our holding on Point IV that the confession was admissible, this point must fail. There was sufficient evidence to convict defendant of the crimes as charged. Defendant's fifth point is denied.

■ Defendant raises four other points on appeal. Points VI, VII, VIII, and IX are not supported by any citation to authority. By failing to cite authorities in the argument portion of his brief, defendant is deemed to have abandoned these points on appeal. *See State v. Glenn,* 429 S.W.2d 225, 234 (Mo. banc 1968). We have reviewed for error, ex gratia, and found none. No jurisprudential purpose would be served by a written opinion on those points. They are therefore denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.