Ronald L. **BOYER**, Appellant,

*v.*

**STATE of Missouri, Respondent.**

No. 53537.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

Ronald L. Boyer, pro se.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

A jury found movant, Ronald L. Boyer, guilty of second degree murder, in violation of RSMo § 565.004 (1978), for which he was sentenced to twenty years imprisonment. Boyer's conviction was affirmed on appeal. *State v. Boyer,* 646 S.W.2d 876 (Mo.App., E.D.1983). Boyer now appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Finding Boyer's contention to be without merit, we affirm.

Boyer's sole argument on appeal is that the trial court erred in denying the Rule 27.26 motion in that he received ineffective assistance of counsel when his attorney brought out during direct examination of Boyer that he had three prior first degree robbery convictions. At the outset, this court recognizes the appropriate standard of review. Appellate review of a trial court's decision in ruling on a Rule 27.26 motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). We will not disturb the trial court's decision unless this court is left with the definite and firm impression that a mistake has been made. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

The facts before us show that Boyer was charged with capital murder in February 1980 and that the cause proceeded to trial in July 1980 after which the jury found Boyer guilty of second degree murder. During the trial, Boyer's attorney elicited during direct examination of Boyer that he previously had pled guilty to three counts of first degree robbery for which he received a suspended imposition of sentence; thus, Boyer was on probation at the time of trial. At the time of Boyer's trial, a suspended imposition of sentence was not a conviction; it could not be used by the prosecutor to impeach Boyer. *State v. Frey,* 459 S.W.2d 359, 362 (Mo.1970); *State v. Hansel,* 629 S.W.2d 509, 510 (Mo.App., E.D.1981).

Defense counsel enunciated at the Rule 27.26 hearing his reasons for bringing into evidence the fact that Boyer had pled guilty to three counts of robbery. Defense counsel stated that he was attempting to show that Boyer pleaded guilty to those offenses because he committed them, unlike the murder charge which he was denying; he wanted Boyer to appear to the jury as one who was straightforward, frank and honest. As well, defense counsel testified that he was attempting to show that, as Boyer was on probation for the robbery charges, Boyer would have much to lose by committing another crime. Defense counsel testified that the above strategy was intentional, and not, as Boyer testified, an attempt to lessen the damage which would occur if this information was first brought out by the prosecutor in impeaching Boyer. The credibility of witnesses in a Rule 27.26 hearing is a matter for the trial court's determination. *Leigh v. State,* 673 S.W.2d 788, 790 (Mo.App., E.D.1984).

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) sets forth the two requirements which Boyer must meet in order to show that his attorney rendered ineffective assistance. *Id.* at 687, 104 S.Ct. at 2064. First, Boyer must demonstrate that his attorney's performance was deficient; that his representation fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. at 2064–65. Second, Boyer must demonstrate that the deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064.

As to the first component of the *Strickland* test, defense counsel is entitled to a strong presumption that he rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment. *Williams v. State*, 730 S.W.2d 284, 287 (Mo.App., E.D.1987). Strategic choices made after a thorough investigation of the law and the facts which are relevant to plausible options are "virtually unchallengeable." *Id.* Upon review of defense counsel's performance, every effort must be made to "eliminate the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 669, 104 S.Ct. at 2055. This court can perceive no basis for finding that defense counsel's strategic choice to introduce into evidence Boyer's prior offenses was unreasonable. Boyer was charged with capital murder and the jury returned a verdict of second degree murder. This court recently recognized that defense counsel must "frequently make choices between all-out attempts at acquittal and mitigation of punishment." *Williams*, 730 S.W.2d at 287.

As to the second component of the *Strickland* test for effective assistance of counsel, Boyer must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

trial's outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Boyer must show that there is a reasonable probability that, absent the alleged error, the jury would have had a reasonable doubt as to his guilt. *Richardson v. State*, 719 S.W.2d 912, 914–15 (Mo.App., E.D.1986). We conclude that there would have been no such reasonable probability. The evidence as to Boyer's guilt was overwhelming as the State introduced Boyer's videotaped confession to the murder.[1]

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

1. The court in *State v. Boyer,* 646 S.W.2d 876, 877–879 (Mo.App., E.D.1983) recounts in detail the evidence supporting Boyer's conviction.