**STATE of Missouri, Plaintiff–Respondent,**

v.

**Gary W. JACKSON, Defendant–Appellant.**

No. 53661.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 13, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 11, 1989.

Gregory G. Fenlon, Joseph A. Fenlon, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie D. Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Gary Jackson, appeals from his convictions, after a jury trial, of burglary in the first degree and felonious stealing. Defendant was sentenced as a persistent offender to fifteen years imprisonment for burglary in the first degree and a consecutive term of fifteen years for felonious stealing; the sentences were to be served concurrently with a sentence defendant was already serving.[1]

The evidence viewed in the light most favorable to the verdict discloses that defendant and two accomplices broke into the home of Virginia O'Brien, while she was present therein, and stole a .22 rifle, a television set, and stereo components. At least one of the miscreants drowned her in the bathtub and poured chlorine bleach on her body.

Defendant first contends that the trial court erred in failing to enter a judgment of acquittal on the charge of burglary in the first degree because the evidence was insufficient to prove unlawful entry or to prove a nonparticipant's presence in the structure during the commission of the crime.

Unlawful entry is an element of the crime of burglary in the first degree. *See* § 569.160.1, RSMo (1986). Officer Griemel testified that the defendant told the police that he and another accomplice parked in a dark, remote corner behind the victim's home and waited by the bushes for their other accomplice to let them in. The evidence also showed that the criminals wore rubber gloves when they entered, so that they would not leave fingerprints. Clearly, there was substantial evidence of an unlawful entry.

Another element of burglary in the first degree is that a nonparticipant be present in the structure during the commission of the crime. Officer Griemel testified that the defendant had told the police that "He [defendant] had occasion to be in the master bedroom at one time and noticed that it had been ransacked and he also observed the victim submerged in a tub of water in the bathtub [bathroom]." A logical inference from the evidence is that the persons who burglarized O'Brien's home killed her. The State produced evidence that the defendant stated that he did not know that his accomplices were going to kill O'Brien. We conclude that the State adduced substantial evidence to prove that a nonparticipant in the crime was present during the burglary. Defendant's first point is denied.

In his second point, defendant claims there was insufficient proof of the corpus delecti of both charges to sustain the convictions. He argues that the only proof of the corpus was defendant's confession.

The corpus delecti is established by proof of the crime charged and that the crime was committed by someone. *State v. Turner*, 713 S.W.2d 877, 880 (Mo.App. 1986). A conviction cannot be upheld solely on the basis of an out-of-court confession. *Id.* An extrajudicial confession, however, that is corroborated by independent evidence establishing the corpus delecti is sufficient to support a conviction. *Id.* In this case there was independent evidence that O'Brien's home had been "ransacked"; that her television set, stereo, and .22 rifle were stolen; and that she was drowned in her bathtub. This evidence was consistent with defendant's admission. Defendant's second point is denied.

1. Defendant had previously been convicted of manslaughter for his actions arising out of the same incident. *See State v. Jackson*, 736 S.W.2d 506 (Mo.App.1987).

 In his third point, defendant claims that there was no competent evidence that the value of the stolen property exceeded $150 and, therefore, the trial court should have directed a verdict on the felony stealing charge. The statutory definition of felony stealing encompasses the unlawful taking of any firearm regardless of value. *See* § 570.030.3(3)(d), RSMo (1986). The defendant was convicted, *inter alia*, of stealing a firearm. Accordingly, the State was not required to establish any value for the firearm. *See State v. Carrico*, 696 S.W.2d 511, 515 (Mo.App.1985). Defendant's third point is denied.

In his fourth point, defendant asserts that the jury selected in his trial did not represent a fair cross-section of the community and that the trial court, therefore, erred in overruling defendant's motion to strike the jury panel. Defendant alleges he was denied his sixth amendment constitutional right to a trial by an impartial jury because all thirty-five venire persons were white, and the defendant is black.

 The United States Supreme Court has consistently declined to extend the fair cross-section requirement of the Sixth Amendment to petit juries. *Lockhart v. McCree*, 476 U.S. 162, 173–174, 106 S.Ct. 1758, 1764–1765, 90 L.Ed.2d 137 (1986). The United States Supreme Court held in *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 701–702, 42 L.Ed.2d 690 (1975), "we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population." *See, also, State v. Baker*, 636 S.W.2d 902, 908 (Mo. banc 1982), *cert. denied*, 459 U.S. 1183, 103 S.Ct. 834, 74 L.Ed.2d 1027 (1983). Point four is denied.

In his fifth point, defendant argues that the trial court's pronouncement of defendant's sentences were ambiguous and, therefore, all three of the sentences should run concurrently. The court sentenced defendant as follows:

> [T]he defendant is sentenced to an extended term of imprisonment of fifteen years in the Department of Corrections and Human Resources for the offense of burglary in the first degree and a consecutive extended term of fifteen years for the offense of stealing over $150.00. Both said sentences are to run with the sentence the defendant is [presently] serving.

Section 558.026.1, RSMo (1986) provides "multiple sentences of imprisonment shall run concurrently unless the court specifies they shall run consecutively." Here, the trial court sentenced defendant to consecutive sentences of fifteen years imprisonment. It is clear from the court's statement that these two consecutive sentences (a total of thirty years) are to be served concurrently with the sentence the defendant was already serving. Point five is denied.

The convictions are affirmed.

REINHARD and CRIST, concur.