Robert WALLS, Appellant,

v.

STATE of Missouri, Respondent.

No. 71719.

Supreme Court of Missouri,
En Banc.

Nov. 14, 1989.

Rehearing Denied Dec. 12, 1989.

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Robert Walls was convicted by a jury of murder in the first degree, robbery in the first degree and burglary in the first degree. The jury assessed his punishment at death for the murder, life imprisonment for the robbery, and thirty years imprisonment for the burglary. The Court entered judgment accordingly; this Court affirmed on direct appeal. *State v. Walls*, 744 S.W.2d 791 (Mo. banc 1988). Walls now appeals from the judgment in denial of his motion to vacate judgment and sentence pursuant to Rule 29.15. Affirmed.

## I.

Appellant contends the court erred in denying his Rule 29.15 motion asserting his trial counsel was ineffective in failing to .object to evidence of his California and Missouri burglary arrests, his flight from a halfway house and his statement to Detective Talbot detailing the attempted burglary in California and a Missouri arrest in 1984, and alluding to the theft of a car and gasoline for the car. He also asserts that trial counsel improperly elicited that his residence in a halfway house meant prior imprisonment.

*Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), provides two requirements for a determination of ineffective assistance of counsel: 1) "the defendant must show that counsel's performance was deficient" in that it fell below an objective standard of reasonableness; and 2) "the defendant must show that the deficient performance prejudiced the defense" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The court found defendant's arrest on the burglary charge "explained the manner

in which he was apprehended and later confessed to his participation in the crimes charged." The court concluded that no details of the unrelated crime were presented, and an objection to evidence of the arrest would have been without merit.

On the appeal of one of appellant's codefendants, the court ruled that evidence of the California burglary was admissible in that it explained the arrest and identity of the person charged with the commission of the crime on trial. *State v. Wilson*, 755 S.W.2d 707, 710 (Mo.App.1988). The court noted that circumstances surrounding the confessions were relevant and that shoes seized by the police matched footprints outside a burglarized house and a bloody footprint found in the murder victim's kitchen.

Appellant's statement to the police about stealing gasoline as he fled to California, his use of a false name, his denial of prior arrest in Missouri, and subsequent admission of his real name and prior arrest were admissible to show his state of mind. *State v. Kenley*, 693 S.W.2d 79, 82 (Mo. banc 1985). The theft of gasoline indicates the haste in which he fled the scene of the murder to avoid arrest. *State v. Turner*, 713 S.W.2d 877, 879 (Mo.App.1986). His inconsistent statements to the police about his name and past record show his attempt to mislead the police.

The relevance of evidence that "incidentally proves a defendant guilty of an unrelated crime is sometimes found in the need to develop the 'complete and coherent picture,'" *Wilson*, 755 S.W.2d at 710, and "should not be rejected merely because it incidentally proves the defendant guilty of another crime." *State v. Churchir*, 658 S.W.2d 35, 37 (Mo.App.1983).

■ Counsel cannot be deemed ineffective for failing to make nonmeritorious objections. *Shaw v. State*, 686 S.W.2d 513, 516 (Mo.App.1985). "In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances." *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

■ Counsel's allusion to defendant's presence in a halfway house as prior imprisonment and absence of objection to evidence of Walls' flight from a halfway house were stated by counsel to be his trial strategy to use this as mitigating evidence. He intended to mitigate guilt by showing that a codefendant was the leader in leaving the halfway house and a codefendant previously knew the victim and was responsible for getting them out to the victim's house.

Appellant fails to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. There is no reasonable probability that absent the alleged ineffectiveness of his counsel appellant would not have been convicted because there was persuasive evidence of his guilt by way of his taped confessions in evidence. *Boyer v. State*, 748 S.W.2d 188, 190 (Mo.App.1988).

## II.

Appellant contends the court erred in denying him relief on his Rule 29.15 motion asserting trial counsel was ineffective in failing to present mitigating evidence and failing to call appellant's relatives, a psychiatrist, and a social worker as mitigating witnesses.

A "lawyer's election not to present mitigating evidence is a tactical choice accorded a strong presumption of correctness...." *Jones v. State*, 767 S.W.2d 41, 44 (Mo. banc 1989) (citing *Lightbourne v. Dugger*, 829 F.2d 1012, 1025 (11th Cir. 1987)). There is "no absolute duty to present mitigating character evidence at the penalty phase of trial." *Jones*, 767 S.W.2d at 43.

After appellant refused to testify in the penalty phase, trial counsel presented the Public Defender's social worker who testified that appellant's mother and father were uncooperative when she spoke to them about testifying. She testified that appellant's father was subpoenaed and his mother knew of the court date; neither appeared in court. Five of appellant's fam-

ily members were endorsed; none testified. The court found that trial counsel was faced with a situation where reasonable efforts showed that movant's relatives were opposed to testifying.

■ Trial counsel discussed his decision not to call the psychiatrist with three other lawyers. He decided it would be damaging to call the psychiatrist after the psychiatrist told him appellant was "plain mean" and had an antisocial personality disorder. In these circumstances, the decision not to call appellant's family members and the psychiatrist as witnesses was sound trial strategy.

■ The court found that Ms. Lee, a social worker from St. Louis County, not endorsed at trial, stated that she believed movant was not violent and was a model prisoner. She admitted that her knowledge of his habits and personality was limited to an incarcerated environment. Ms. Lee further testified that she did not like coming to court and would not have testified in the penalty phase unless subpoenaed. The court concluded properly that trial counsel had no reason to know this "marginally favorable" evidence existed, and Walls was not prejudiced, nor would the outcome be different.

## III.

■ Appellant contends the court erred in failing to grant relief because the trial court struck for cause three jurors who could decide the issue of guilt but "would not consider imposition of the death penalty." The court noted properly that this is a matter for direct appeal and not for a post-conviction relief proceeding.

Appellant's amended motion does not allege ineffective assistance of counsel on this ground. One point of the amended motion attacks the death qualification of three jurors, and should have been raised on direct appeal; the other point attacks the striking of Venireman Houser and was previously decided by this Court on direct appeal. *Walls,* 744 S.W.2d at 796. Because the allegations of ineffective assistance of counsel were not presented to the

court, they may not be considered on appeal. *Grubbs v. State,* 760 S.W.2d 115, 120 (Mo. banc 1978).

Appellant's claim that the trial court should not have struck Veniremen Meyer and Ferrick should have been raised on direct appeal and may not be raised in a post-conviction motion except where fundamental fairness requires otherwise, and then, only in rare and exceptional circumstances. *Roberts v. State,* 775 S.W.2d 92 (Mo. banc 1989). No such exceptional circumstances are presented here.

Appellant argues that Veniremen Meyer and Ferrick should not have been removed because there was not a sufficient showing of bias. In his Rule 29.15 motion, he alleges that the removal of these jurors by reason of their opposition to the death penalty caused appellant to be tried by a conviction-prone jury. Because of the variance between appellant's post-conviction motion and claim on appeal, and because the hearing court did not address the issue in its findings and conclusions, there is nothing left for this Court to review. *Guinan v. State,* 726 S.W.2d 754, 756–57 (Mo. App.1986).

■ Appellant's argument fails because there is no abuse of discretion in excusing persons from the jury who are unable to follow the law on punishment. *State v. Sandles,* 740 S.W.2d 169, 178 (Mo. banc 1987). "[T]he proper standard for determining when a prospective juror may be excluded for cause because of his or her views on capital punishment ... is whether the juror's views would 'prevent or substantially impair the performance of his duties as a juror....' " *Wainwright v. Witt,* 469 U.S. 412, 424, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985). This Court found no error in its previous examination of this voir dire proceeding, stating:

[M]any veniremen simply cannot be asked enough questions to reach the point where their bias has been made "unmistakably clear"; .... Despite this lack of clarity in the printed record, however, there will be situations where the trial judge is left with the definite impression that a prospective juror would

be unable to faithfully and impartially apply the law.... This is why deference must be paid to the trial judge who sees and hears the juror.

*Walls,* 744 S.W.2d at 796, citing *Wainwright,* 105 S.Ct. at 853.

## IV.

Appellant contends the court erred in overruling his amended Rule 29.15 motion in that his trial counsel withdrew a motion to suppress evidence. Appellant contends that counsel failed to preserve for review appellant's objection to: the admission of his shoes because there was no probable cause to arrest appellant in California; his statements made after custodial interrogation without benefit of Miranda warnings; and the lack of probable cause to arrest on Missouri charges.

Trial counsel stated that it was not relevant to his strategy to argue for the suppression of the shoes. Appellant's motion to suppress was presented to the trial court and was denied, and only subsequent to this denial was the motion withdrawn. Counsel's theory was that Walls was present but not participating to the extent the State argued. The court found it was trial counsel's reasonable trial strategy to withdraw the motion to suppress evidence in order to keep out the detailed evidence of Walls' burglary arrest in California. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

■ A Miranda warning was not required before the police asked to see the bottom of appellant's shoes because a view of the soles of shoes is not testimonial in nature. *See Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (seizure of blood sample containing alcohol).

■ Appellant voluntarily removed a latch from a kitchen screen from his pocket, and it was seen by officers. It was thus in plain view, and there was no reasonable expectation of privacy as to the latch, and no search was conducted. *See State v.*

*Sandusky,* 761 S.W.2d 710, 714 (Mo.App. 1988).

The stop of appellant was justified in that the police had a reasonable suspicion that criminal activity was afoot and that appellant was engaged in it. *Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1879–81, 20 L.Ed.2d 889 (1968). *"Terry* recognizes the need for intermediate stops even when there is no probable cause for arrest." *State v. Fernandez,* 691 S.W.2d 267, 269 (Mo. banc 1985).

■ Inasmuch as the police saw appellant with the latch from one of the kitchen screens, saw that his shoes matched footprints under the kitchen window, heard inconsistent statements about how his hand was injured, and heard false explanations as to why appellant and the other suspect were in the area of the burglary shortly after it had occurred, the police had probable cause to arrest appellant for burglary in Santa Monica.

■ Appellant's statements made while under arrest for burglary and after he received Miranda warnings supplied probable cause for arresting appellant for the Missouri crimes because those statements contained confessions as to the Missouri offenses. In these circumstances, appellant's counsel acted reasonably.

## V.

Appellant contends his statement was induced by promises of leniency and was involuntary in that Detective Talbot told him the Santa Monica police had arrested codefendant Thomas and the police would know when he was not telling the truth.

This claim was not raised in the 29.15 motion, nor was it presented to the court, thus this Court may not consider it on appeal. *Grubbs,* 760 S.W.2d at 120.

Appellant's claim is an allegation of trial error and should have been raised on direct appeal. This Court will not review the allegation because there are no exceptional circumstances to indicate that fundamental fairness has been violated. *Roberts,* 775 S.W.2d at 96. This Court previously stated, "Appellant admits that his statement to Detective Talbot was *voluntary." Walls,*

744 S.W.2d at 797 (emphasis added). A similar issue was likewise addressed in the direct appeal of codefendant Wilson. *Wilson*, 755 S.W.2d at 709.

### VI.

 Appellant contends that trial counsel was ineffective asserting he did not object to the freezer in which the victim died remaining in the courtroom after it was introduced into evidence.

The court found that the freezer was a relevant, integral piece of evidence, and movant failed to assert or prove any prejudice. Trial counsel stated at the evidentiary hearing that it was his strategy to leave the freezer in the courtroom because "the longer it sat there the less impact it would have...."

"The trial court has broad discretion to determine the admissibility of demonstrative evidence," *State v. Padberg*, 723 S.W.2d 43, 45 (Mo.App.1986), that "is admissible as relevant if it throws light upon a material matter at issue or tends to establish any fact in issue or aids the jury in any way in arriving at a correct verdict." *State v. Plant*, 694 S.W.2d 751, 753–54 (Mo.App.1985).

Appellant fails to satisfy the *Strickland* test in that he failed to show that his counsel acted deficiently. Any objection to the presence of the freezer would have been without merit. Appellant failed to show a reasonable probability that but for the freezer being left in the courtroom the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068.

The judgment is affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, COVINGTON and BILLINGS, JJ., and NUGENT, Special Judge, concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.