Ronnie HAMPTON, Appellant,

v.

STATE of Missouri, Respondent.

No. 76037.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 9, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 5, 2000.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and JAMES R. DOWD, J.

## MEMORANDUM DECISION

PER CURIAM.

Ronnie Hampton (Movant) was convicted of one count of first-degree statutory sodomy, Section 566.062, RSMo 1994, and sentenced to a term of fifteen years This court previously affirmed Movant's conviction and sentence on direct appeal pursuant to Rule 30.25(b). *State v. Hampton,* 970 S.W.2d 890 (Mo.App. E.D.1998). Movant then filed a pro se motion for post-conviction relief under Rule 29.15 and appointed counsel later filed an amended motion and requested an evidentiary hearing. The motion court denied Movant's motion without an evidentiary hearing and Movant appeals.

On his second appeal, Movant claims the motion court erred in denying his motion in that he was deprived of his right to a fair trial and effective assistance of counsel due to the fact that movant's counsel failed to timely object to questions concerning his sexual relationship with his wife and further, that evidence concerning his marital relationship was not relevant. Finally, Movant claims the state was erroneously allowed to introduce into evidence a bra and panties which were not involved in the alleged crime.

We have reviewed the briefs and the record on appeal. The motion court properly ruled that Movant's ineffective assistance claim was a matter for direct appeal and not cognizable under a post-conviction relief motion. *Walls v. State,* 779 S.W.2d 560, 563 (Mo.1989). Furthermore, Movant failed to allege facts that constitute ineffective counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Driscoll v. State,* 767 S.W.2d 5 (Mo.banc 1989). In addition, we hold that evidence of Movant's marital relationship was especially relevant due to the nature of the crime with which Movant was charged. Point one is denied.

This court has previously ruled on Movant's second point on appeal. Post-conviction relief motions cannot be used as a substitute for direct appeal or to relitigate issues decided on direct appeal. *State v. Clark,* 859 S.W.2d 782, 789 (Mo.App. E.D. 1993). As the court stated when it reviewed Movant's direct appeal: "Despite Defendant's contentions that the bra and panties added no substance to the state's case, we find that defendant's conclusory allegations are not sufficient to overturn a finding within the sound discretion of the trial court." Point two is denied.

We find the judgment of the trial court in the proceeding under 29.15 is based on findings of fact that are not clearly erroneous and restating the facts and the principles of law would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).